**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL CAVINESS, Plaintiff, | ) | |
| v. | ) | Case No. CIV-06-542-KEW |
| CLINT JOHNSON, Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment filed June 27, 2008 (Docket Entry #110). After consideration of evidence and briefs submitted by the parties, this Court enters this ruling.

On October 13, 2005, Defendant Clint Johnson ("Johnson"), an agent with the District Attorney's Drug Task Force in Cherokee County, Oklahoma, obtained a search warrant of Plaintiff Michael Caviness' ("Caviness") residence. The warrant, executed by an Oklahoma state district judge, authorized the search for evidence of methamphetamine and other controlled dangerous substances from Caveness' home, located in Tahlequah, Oklahoma.

On October 14, 2005, Johnson and other law enforcement officers served the warrant upon Caviness at his residence. The search took approximately three hours. Upon searching the residence, surrounding property, and vehicles on the premises, no controlled dangerous substances were found. However, Johnson discovered various knives and gaffs used in cockfighting located in

Caviness' residence. Additionally, approximately 200 roosters were located in the yard of the home. Caviness testified that the knives and gaffs were obtained at a time when cockfighting was not illegal in the State of Oklahoma. While he did engage in cockfighting when it was not illegal, Caviness stated he did not do so any longer and did not sell the roosters for that purpose. Caviness testified that he merely stored the knives and gaffs in a closet after the practice was criminalized.

During the search of Caviness' home, Officer Jason Chennault recovered a .22 caliber Beretta rifle. Officer Chennault located the firearm with others on a bed in one of the bedrooms of the house. Officer Chennault did not initially find the gun. He recorded the serial number and checked the number by radio, cell phone or at his vehicle. Upon doing so, he discovered the rifle had been reported stolen. Officer Chennault informed Johnson that the rifle was stolen. Caviness was arrested for felony cockfighting and possession of cockfighting paraphernalia.

By Information filed November 7, 2005, Caviness was charged with Keeping Place/Equipment/Facility for Cockfighting and with Knowingly Concealing Stolen Property in relation to the rifle. All charges were eventually dismissed by the District Attorney.

Caviness commenced this action on December 13, 2006 against several parties including Johnson, alleging a violation of his constitutional rights guaranteed by the Fourth and Fourteenth

Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983. Caviness contends Johnson deprived him of his "property interest without due process" and subjected him "to an unreasonable search of his person and property and seizure of his person and property."

Johnson filed the subject request for summary judgment contending (1) no constitutional violation occurred in the seizure of the knives and gaffs and arrest of Caviness; and (2) Johnson is entitled to qualified immunity. Caviness responds that the search and seizure was unreasonable because Johnson caused excessive and unnecessary damage to Caviness' property. Caviness also contends the plain view doctrine does not apply to the seizure of the knives and gaffs because their incriminating nature was not immediately apparent, rendering their seizure unlawful. Caviness also challenges Johnson's claim to qualified immunity, contending the law was clearly established that excessive damage to his property can give rise to a constitutional claim and that the seizure of the knives and gaffs was unlawful. Caviness also asserts it was clearly established that his arrest and jailing for felony cockfighting was wrongful.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

**I. Constitutional Violation**

In determining the nature of any constitutional deprivation, it is perhaps a fruitful exercise to state what Caviness does not claim. Caviness does not claim that the search warrant obtained by Johnson was invalid or was obtained without a showing of probable cause. He does not claim that the items seized were not in plain view. He also does not claim any untoward actions were taken

against him during his arrest or incarceration. Rather, he claims that the damage to his property which occurred during the course of the search was unreasonable and that the seizure of the knives and gaffs and his arrest for felony cockfighting were constitutionally defective.

Incumbent on any plaintiff seeking damages under Section 1983 is a showing of a constitutional violation that was clearly established at the time the defendant acted. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995). The method of execution of a search warrant is encompassed by the Fourth Amendment. United States v. Ramirez, 523 U.S. 65, 71 (1998). The "general touchstone of reasonableness governs the Fourth Amendment analysis." Id. "Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." Although this statement arose in the context of a criminal case, its impact upon a civil constitutional claim is not lessened. Moreover, Johnson does not address the constitutional property damage claim in any manner, much less provide elucidating case authority.

Other case authority indicates the level of destruction necessary to rise to a constitutional violation. In Liston v. County of Riverside, 120 F.3d 965 (9th Cir. 1997), the Ninth Circuit determined that level as follows:

> The Listons claim that the officers ransacked their home, dumping out garbage and removing items from drawers and closets, without cleaning up after themselves. They also contend that officers destroyed a backyard fence and dug up the backyard. As an initial matter, it is not clear that these actions rise to the level of a constitutional violation, as officers executing a search warrant occasionally "must damage property in order to perform their duty." Dalia v. United States, 441 U.S. 238, 258, 99 S.Ct. 1682, 1694, 60 L.Ed.2d 177 (1979). Although this court has not addressed the matter, other circuits have held that only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment. See Tarpley v. Greene, 684 F.2d 1, 9 (D.C. Cir.1982).
>
> Liston, *supra* at 979.

The evidence in this case indicates the officers participating in the search used a pry bar to open the trunk on a Miata parked in front of Caviness' home, causing extensive damage. All told, Caviness provides an estimate of damages to the Miata from a body shop in the amount of $2,406.30. Caviness also provides a picture among the exhibits presented in response to the summary judgment motion demonstrating the key to the Miata was in plain sight on the console of between the front seats. This unrefuted evidence gives rise to an inference that Johnson and the other officers inflicted unnecessary damage upon Caviness' property.[1]

Caviness also provides pictorial evidence and testified in his

---

[1] At the Pretrial Conference of this case, an issue arose concerning the ownership of the Miata in question. However, this issue is not raised as a part of the summary judgment briefing. Therefore, the presumption shall remain at this stage that the vehicle constituted Caviness' property.

deposition concerning damages which occurred to a camper and to a 1996 Suburban. Caviness alleges the camper appears to have its closet doors kicked in and the Suburban sustained damage to a vent and a speaker. Caviness also alleges one of his roosters was killed by Johnson based upon statements that Johnson fought with one of the roosters when it attacked him.

Clearly, "officers . . . on occasion must damage property in order to perform their duty." Dalia v. United States, 441 U.S. 238, 258 (1979). Additionally, if the property damage results from mere negligence, no constitutional violation is demonstrated. Bergquist v. County of Cochise, 806 F.2d 1364, 1369 (9th Cir. 1986). However, in this case, Johnson has failed to provide evidence that either the damages resulting from the search were reasonable and necessary or that any damage that did occur was attributable to negligence alone. Consequently, this Court concludes Caviness has stated a Fourth Amendment constitutional claim as a result of the damages to his property which occurred during the execution of the search warrant.

Johnson next challenges Caviness' claim of a constitutional violation in connection with the seizure of the knives and gaffs. Johnson contends that during the course of executing the search warrant for controlled substances, the knives and gaffs were found. Caviness asserts the plain view doctrine does not apply under the

circumstances of this case.

Items discovered during the execution of a search warrant, even if not specifically covered by the warrant, may be seized under the plain view doctrine. Horton v. California, 496 U.S. 128, 135 (1990). The plain view doctrine applies when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed; (2) the incriminating character of the object is immediately apparent; and (3) the officer had a lawful right of access to the object which was in plain view. Id. at 136-137.

With regard to the first element, Johnson entered the premises in accordance with the authority of a valid search warrant. Caviness does not challenge the third element in that Johnson had a right of access to the area where the knives and gaffs were located. Caviness does, however, contest the incriminating character of the items seized. "An item's incriminating nature is immediately apparent if 'the officer had probable cause to believe the object was contraband or evidence of a crime.' . . . A seizing officer need not 'know' or have an 'unduly high degree of certainty' as to the incriminatory character of the evidence under the plain view doctrine. . . . All that is required is a 'practical, nontechnical probability that incriminating evidence is involved.'" United States v. Castorena-Jaime, 285 F.3d 916, 924

(10th Cir. 2002)(internal citations omitted).

Johnson's action in seizing the knives and gaffs must, therefore, be looked upon under the totality of the circumstances which he faced. Caviness maintained and Johnson observed 200 roosters tethered in the yard of Caviness' residence. In light of this observation and upon discovering the knives and gaffs, the incriminating character of the items was sufficiently apparent that the plain view doctrine applied. Certainly, knowingly maintaining equipment or facilities for use in cockfighting is a felony in the State of Oklahoma and the presence of the roosters, knives, and gaffs had the indicia of violating the law. Okla. Stat. tit. 21 § 1692.3. Caviness makes much of the fact no cockfighting was occurring at the time of the search and that Johnson did not seize the roosters. These facts do not change or lessen the incriminating character of the knives and gaffs but, rather, would have only provided additional support for that characterization. Therefore, under the circumstances of this case, this Court concludes a violation of Caviness' constitutional rights did not occur with the seizure of the knives and gaffs.

Johnson also contends Caviness' arrest was warranted and did not violate his constitutional rights. The incriminating character of the knives and gaffs found in plain view also justified the arrest, which did not violate Caviness' Fourth Amendment

constitutional rights.

Additionally, considerable briefing is expended by the parties as to whether Johnson and the other officers knew the firearm seized was stolen at the time of Caviness' arrest. Although not essential to this Court's analysis since the incriminating nature of the knives and gaffs alone was sufficient to warrant Caviness' arrest, the evidence does indicate that Johnson was aware that the rifle was stolen at the time of Caviness' arrest. This knowledge would have also justified Caviness' arrest as well, although this Court is troubled with the fact that Johnson did not indicate on his arrest report that the basis for Caviness' arrest was the possession of a stolen firearm. Again, Caviness' arrest did not violate his constitutional rights.

**II. Qualified Immunity**

Johnson, in his individual capacity, also contends he is entitled to qualified immunity as to all of the constitutional claims asserted by Caviness. However, he appears to limit his assertion of qualified immunity to Caviness' arrest and to the seizure of the knives and gaffs. He makes no mention of the constitutional claim for unnecessary and excessive destruction of property.

Generally, government employees are immune from personal liability if their conduct is reasonable in light of clearly

established law and the information that the employee possessed at the time of their actions. Davis v. Scherer, 468 U.S. 183, 190 (1984); Harlow v. Fitzgerald, 457 U.S. 800 (1982). The evaluation of a summary judgment motion on the issue of qualified immunity is treated somewhat differently than other summary judgment issues. Once a defendant raises a qualified immunity defense, a plaintiff bears a heavy burden to establish that a defendant has violated clearly established law. Hannula v. City of Lakewood, 907 F.2d 129, 130-31 (10th Cir. 1990); Lutz v. Weld County School District, 784 F.2d 340, 342-43 (10th Cir. 1986). A plaintiff must "come forward with facts or allegations to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988). In making this determination, Caviness must demonstrate "that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated that right." Maestas v. Lujan, 351 F.3d 1001, 1007 (10th Cir. 2003)(citation omitted).

With regard to the claim for the destruction of his property, Caviness has cited to clearly established law which finds a violation of the Fourth Amendment can occur if property is unnecessarily and excessively destroyed during the execution of a

search warrant. Ramirez, 523 U.S. at 71. This Court concludes a jury could conclude from the facts presented that the damage to Caviness' property during the execution of the search warrant in this case was not necessary, measured, or reasonable to effectuate the search. As a result, this Court must deny Johnson qualified immunity on this particular claim.

Since this Court has previously found in this Opinion and Order that Caviness has failed to state a constitutional deprivation as to the remainder of his claims, no further analysis of Johnson's claim to qualified immunity in relation to those claims is necessary.

IT IS THEREFORE ORDERED Defendant's Motion for Summary Judgment filed June 27, 2008 (Docket Entry #110) is hereby **GRANTED** in part in that Caviness failed to demonstrate a constitutional deprivation with regard to the seizure of the knives and gaffs and his arrest. However, the Motion is **DENIED** in connection with Caviness' Fourth Amendment claim for excessive and unnecessary destruction of his property in the execution of the warrant.

IT IS SO ORDERED this 14th day of August, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE