# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL CAVINESS, )
 )
            Plaintiff, )
 )
v. ) Case No. CIV-06-542-KEW
 )
CLINT JOHNSON, )
 )
            Defendant. )

## OPINION AND ORDER

This matter comes before the Court on the following matters:

1)  Defendant Clint Johnson's Motion in Limine filed July 21, 2008 (Docket Entry #121);

2)  Plaintiff's Motion in Limine filed July 21, 2008 (Docket Entry #122); and

3)  Defendant's Motion in Limine filed August 5, 2008 (Docket Entry #135).

Each Motion and the evidentiary issues they raise will be considered in turn.

**1) Defendant's July 21, 2008 Motion in Limine –**

Defendant requests that Plaintiff be precluded from inquiring into the identity of the confidential informant upon whom Defendant relied in the affidavit to obtain a search warrant. Plaintiff failed to file an objection to the Motion within the time required by this Court's local rules. EDOK LcvR 7.1(f). As a result, the content of the Motion is deemed confessed, thereby entitling Defendant to the exclusion he seeks.

**2) Plaintiff's Motion in Limine –**

Plaintiff seeks to exclude from the evidence presented at

trial any search warrants, civil or criminal proceedings in which Plaintiff was involved. Plaintiff attaches an addendum to the Motion referencing the matters sought to be excluded. The only matters which Defendant contests in his response is a criminal conviction for misdemeanor possession of marijuana from 2006, possession of more than one day limit of a paddlefish from 1999, and illegal possession of a deer in closed season from 1991. Plaintiff has various other protective orders and charges on the list but Defendant does not appear to seek to raise these other matters at trial.

The 1991 charge is outside of the ten year period for admission of criminal convictions into evidence at trial. This Court does not find that the probative value of evidence of such a conviction substantially outweighs its prejudicial effect or that admission of this charge serves the interests of justice. Fed. R. Evid. 609(b). Additionally, contrary to Defendant's assertions, neither the marijuana nor the paddlefish charge requires proof of an act of dishonesty or false statement by Plaintiff. Therefore, the admission of these charges is also prohibited. Fe.d R. Evid. 609(a)(2). However, as Defendant states, should Plaintiff testify or imply to the jury through other evidence that he has never been convicted of a crime or been charged, this ruling may be revisited in order to maintain the integrity of the evidentiary record.

Plaintiff also seeks to exclude evidence that a stolen firearm

was recovered by Defendant and other law enforcement officers from Plaintiff's residence in executing a search warrant because the firearm was not determined to be stolen until after Plaintiff was arrested. Plaintiff also asserts that Defendant's arrest report only references cockfighting as a basis for Plaintiff's arrest. He was only subsequently charged with possession of stolen property.

In the Opinion and Order ruling on Defendant's motion for summary judgment, this Court has determined that Plaintiff's arrest and the seizure of knives and gaffs from Plaintiff's property were not violative of Plaintiff's constitutional rights. The sole claim remaining in this case is whether Plaintiff's Fourth Amendment rights were violated during the course of the search as a result of excessive or unnecessary damage to his property. Accordingly, the firearm is irrelevant, not for the reasons outlined by Plaintiff, but because the only claim upon which the firearm's existence might bear has been dismissed.

**3) Defendant's August 5, 2008 Motion in Limine –**

Defendant was permitted at the Pretrial Conference conducted in this matter to file this Motion out of time. Defendant first contends that evidence of damage to Plaintiff's property is not relevant to issues concerning the seizure of cockfighting equipment or Plaintiff's arrest. Defendant "also maintains that damage to vehicles is also irrelevant to whether there was probable cause to arrest the Plaintiff for possession of a stolen vehicle." On these

points, this Court agrees. However, Defendant ignores the relevancy of the damage to Plaintiff's property on Plaintiff's Fourth Amendment claim - the only claim remaining in this case.

Defendant next contends that "[a]nything that happened to the vehicles is simply not relevant to claims of seizure of cockfighting equipment as the search of the vehicles was for the purpose of locating drugs pursuant to a valid warrant." However, a Fourth Amendment claim can arise from the unnecessary and excessive damage to property even when the entry is lawful through the execution of a valid warrant. United States v. Ramirez, 523 U.S. 65, 71 (1998).

Defendant asserts the damage to Plaintiff's vehicles and property is minor and that the vehicle which sustained the majority of the damage was not running at the time of the search. "Minor" is a relative term. This Court does not perceive the required showing of "unnecessary and excessive damage" to property as also requiring a minimum monetary value before the constitutional claim is considered valid.

Defendant also states, for the first time, that he did not personally participate in the search which resulted in the damage. This contention is inappropriate for a motion in limine and should have been raised as an issue on summary judgment.

Defendant next asserts that Plaintiff has not listed any expert witnesses on the issue of whether officers acted

4

unreasonably in searching the property and in gaining access to the vehicles. He contends any damages were as a result of actions which were consistent with search practices, including prying open the trunk of Plaintiff's car. In response to Plaintiff's contention that a key was in plain sight on the vehicle's console, Defendant states "[i]t is unlikely that officers would have expended the necessary physical labor necessary (sic) to force a trunk open if there was a key readily available." These arguments would have all been excellent fodder for consideration on summary judgment. They are not appropriately raised through the vehicle of a motion in limine. This briefing also somewhat exceeds the limited issues authorized for Defendant's late-filed motion in limine. A jury is certainly qualified to assess the reasonableness of Defendant's actions, his level of participation, and whether the key was available to officers during the search.

Defendant also argues the damage sustained by Plaintiff's property is consistent with a negligence claim rather than a constitutional claim. First, Defendant did not assert on summary judgment that the damage to Plaintiff's property was, at best, an act of negligence. Indeed, Defendant largely ignored Plaintiff's constitutional claim for unnecessary and excessive damage to his property on summary judgment. But more importantly, the line between negligence and a constitutional violation could have been crossed if officers caused damage when it could have been avoided,

5

such as through the use of a key. As Defendant points out, "[r]easonableness is the touchstone of the Fourth Amendment" and a jury is certainly empowered to determine whether Defendant crossed the line from reasonable to unreasonable conduct. Defendant's request to exclude evidence of damages to Plaintiff's property will be denied.

IT IS THEREFORE ORDERED that Defendant Clint Johnson's Motion in Limine filed July 21, 2008 (Docket Entry #121) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine filed July 21, 2008 (Docket Entry #122) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion in Limine filed August 5, 2008 (Docket Entry #135) is hereby **DENIED**.

IT IS SO ORDERED this 15th day of August, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE